357 S.E.2d 778

**Robert Carl CRAIN, et al. and Paul Crabtree**

v.

**Donald E. BORDENKIRCHER, Warden West Virginia Penitentiary, W. Joseph McCoy, Commissioner of West Virginia Department of Corrections, et al.**

**No. 17176.**

Supreme Court of Appeals of West Virginia.

May 29, 1987.

Larry Harless, Morgantown, for appellants.

Charlie Brown, Atty. Gen., Dana D. Davis, Asst. Atty. Gen., for appellees.

McGRAW, Chief Justice:

In this appeal by the Administrative Director of the Supreme Court of Appeals of West Virginia, we are asked to determine whether the fees and expenses of a monitor appointed by the Circuit Court of Marshall County to ensure compliance with plans to reform conditions of confinement at the West Virginia Penitentiary should be paid by the Supreme Court of Appeals or by the West Virginia Department of Corrections.

In 1981, certain inmates at the West Virginia Penitentiary filed habeas corpus petitions in this Court alleging the conditions of their confinement violated West Virginia statutory standards and were unconstitutional as cruel and unusual punishment. We appointed the Honorable Arthur M. Recht of the First Judicial Circuit to conduct a hearing on the issue in the Circuit Court of Marshall County. The trial on this matter concluded on February 27, 1982.

The parties subsequently agreed to a consent decree that called for the revision of various prison policies and the appointment of a monitor. The circuit court incorporated the consent decree into its final order of June 21, 1983, in which Judge Recht detailed numerous deficiencies in the conditions of confinement at the penitentiary and ordered the Department of Corrections to submit a plan to bring those conditions to constitutional standards.

Pursuant to Judge Recht's final order, the Department of Corrections submitted a compliance plan on September 1, 1984. On October 9, 1984, Special Judge Bronson [1] appointed a monitor to oversee compliance with the reform plans approved by the circuit court, and ruled that the monitor "be compensated for his services by funds

---

**1.** In the fall of 1983, Judge Recht resigned from the bench and Special Judge John F. Bronson was named as his replacement.

available through the West Virginia Supreme Court of Appeals."

On January 6, 1986, the appellant, Paul Crabtree, as Administrative Director of the Supreme Court of Appeals of West Virginia, moved to intervene in the matter before Special Judge Bronson to determine whether the monitor's fees should be paid by the Supreme Court of Appeals of West Virginia or by one or more of the party respondents. After granting the appellant's motion to intervene and holding a hearing on the issue, Special Judge Bronson again ruled that the fees and expenses should be paid by the Supreme Court of Appeals of West Virginia. The appellant asks that we reverse the circuit court's ruling and order the Department of Corrections to hereafter pay the fees and expenses and to reimburse to the appellant all fees and expenses previously paid.

The fees and expenses of the monitor constitute a portion of the costs arising from the habeas corpus proceeding instituted by the inmates. Syl. Pt. 1, *McCartney v. Campbell,* 115 W.Va. 752, 177 S.E. 783 (1934). While trial courts are given broad discretion to impose payment of costs in equitable proceedings under West Virginia Code § 59–2–11 (1966), *see Nagy v. Oakley,* 172 W.Va. 569, 309 S.E.2d 68 (1983),[2] there is no basis, statutory or otherwise, for Special Judge Bronson's rule that the appellant should pay the monitor's fees and expenses. Unlike the appellant, who was not a party to the habeas corpus proceeding instituted by the inmates, the Department of Corrections was a party to the original proceeding and was, in fact, the party whose conduct necessitated the reference to the court-appointed monitor. *See, Cresap v. Brown,* 82 W.Va. 467, 480, 96 S.E. 66, 72 (1918).

Reversed.

---

**2.** Equitable principles are applicable where conditions of confinement are challenged by inmates in habeas corpus proceedings. *Harrah v.*

*Leverette,* 165 W.Va. 665, 679, 271 S.E.2d 322, 331 (1980).